UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> - vs - <br><br> PINK LOUNGE PRIVATE CLUB, INC., <br> d/b/a PINK LOUNGE and <br> d/b/a PINK LOUNGE PRIVATE CLUB, <br><br> VEGETIUS GROUP INC., <br> d/b/a PINK LOUNGE and <br> d/b/a PINK LOUNGE PRIVATE CLUB, <br><br> RICKEY R. BOOKER, <br><br> TIMOTHY DOUGLAS SR., and <br><br> JONATHAN BILEY-SMITH, <br><br> Defendants. | CASE NO.: |

## **COMPLAINT**

Plaintiff, JOE HAND PROMOTIONS, INC., by and through its attorney, as and for its Complaint against the Defendants, (1) PINK LOUNGE PRIVATE CLUB, INC., d/b/a PINK LOUNGE and d/b/a PINK LOUNGE PRIVATE CLUB, (2) VEGETIUS GROUP INC., d/b/a PINK LOUNGE and d/b/a PINK LOUNGE PRIVATE CLUB, (3) RICKEY R. BOOKER, (4) TIMOTHY DOUGLAS SR., and (5) JONATHAN BILEY-SMITH alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as this civil action is brought under the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

2. Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

3. Plaintiff, JOE HAND PROMOTIONS, INC. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business located at 213 W. Street Road, Feasterville, Pennsylvania 19053. Plaintiff held the exclusive right and license to market, exhibit, and sell the televised exhibition of the *Deontay Wilder vs. Dominic Breazeale* boxing match, including all undercard bouts and commentary, on May 18, 2019 (the "Program") to commercial locations such as the commercial location made the basis of this suit.

4. Defendant, PINK LOUNGE PRIVATE CLUB, INC.

   a. is a domestic nonprofit corporation organized under the laws of the State of Texas,

   b. conducted business in the State of Texas on the date of the Program,

   c. may be served by serving its Registered Agent, Rickey R. Booker at its registered office located at 3022 W. Davis St., Dallas, Texas 75211,

   d. conducted business as "Pink Lounge" on the date of the Program,

   e. conducted business as "Pink Lounge Private Club" on the date of the Program,

   f. owned, operated, maintained, and controlled the commercial establishment known as Pink Lounge/Pink Lounge Private Club located at 3022 W. Davis St., Dallas, Texas 75211 (the "Establishment") on the date of the Program,

2

  g. held the active sales tax permit from the Texas Comptroller of Public Accounts for the Establishment on the date of the Program, and

  h. held the active alcohol permit(s) issued by the Texas Alcoholic Beverage Commission for the Establishment on the date of the Program.

5. Defendant, VEGETIUS GROUP INC.

  a. was a domestic corporation organized under the laws of the State of Texas (the entity's charter was forfeited on February 28, 2020),

  b. conducted business in the State of Texas on the date of the Program,

  c. may be served by serving its Registered Agent, Timothy Douglas Sr. at its registered office located at 3138 Scotch Creek Road, Coppell, Texas 75019,

  d. conducted business as "Pink Lounge" on the date of the Program,

  e. conducted business as "Pink Lounge Private Club" on the date of the Program,

  f. owned, operated, maintained, and controlled the Establishment on the date of the Program, and

  g. filed an Assumed Name Certificate with the Dallas County Clerk to conduct business as "Pink Lounge Private Club" at the Establishment, which certificate was active on the date of the Program.

6. Defendant, RICKEY R. BOOKER

  a. is an individual who resides in the State of Texas,

  b. may be served at 3022 W. Davis St., Dallas, Texas 75211 or wherever found,

  c. was a shareholder, director, officer, and/or principal of the entity(ies) owning and operating the Establishment on the date of the Program,

  d. had a right and ability to supervise the activities of the Establishment on the date of the Program, and

  e. had an obvious and direct financial interest in the activities of the Establishment on the date of the Program.

7. Defendant, TIMOTHY DOUGLAS SR.

    a. is an individual who resides in the State of Texas,

    b. may be served at 3138 Scotch Creek Rd., Coppell, Texas 75019 or wherever found,

    c. was a shareholder, director, officer, and/or principal of the entity(ies) owning and operating the Establishment on the date of the Program,

    d. had a right and ability to supervise the activities of the Establishment on the date of the Program, and

    e. had an obvious and direct financial interest in the activities of the Establishment on the date of the Program.

8. Defendant, JONATHAN BILEY-SMITH

    a. is an individual who resides in the State of Texas,

    b. may be served at 221 Sandlewood Lane, Cedar Hill, Texas 75104 or wherever found,

    c. was a shareholder, director, officer, and/or principal of the entity(ies) owning and operating the Establishment on the date of the Program,

    d. had a right and ability to supervise the activities of the Establishment on the date of the Program, and

    e. had an obvious and direct financial interest in the activities of the Establishment on the date of the Program.

## FACTS

9. Plaintiff is a company that specializes in distributing and licensing premier sporting events to commercial, non-residential establishments including bars, restaurants, clubhouses, shops, and similar locations. By agreement, Plaintiff was granted the exclusive right and license to market, exhibit, and sell the televised exhibition of the *Deontay Wilder vs. Dominic Breazeale* boxing match, including all undercard bouts and commentary, on May 18, 2019 (the "Program") to businesses such as the Establishment. The Program broadcast originated via satellite uplink and

was subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal. The interstate satellite transmission of the Program was electronically coded or scrambled and was not available to or intended for the free use of the general public on the scheduled date of the Program.

10. Plaintiff entered into subsequent agreements with various commercial establishments in the State of Texas that, in exchange for a fee, allowed them to exhibit the Program to their patrons. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to market, advertise, promote, administer, and transmit the Program to those establishments in the State of Texas.

11. The Program was legally available to the Defendants for exhibition in the Establishment only after paying a commercial subscription fee to the Plaintiff, which subscription fee was determined by the fire code capacity of the Establishment and included the Program. Defendants, however, chose not to contract with Plaintiff and pay the proper commercial subscription fee to Plaintiff. Instead, Defendants, themselves and/or through their agents, servants, and/or employees, took affirmative steps to circumvent the commercial licensing requirement and unlawfully obtained the Program through an unauthorized cable signal, satellite signal, and/or internet stream.

12. Defendants willfully engaged in wrongful acts to intercept and/or receive the Program for free or at a nominal cost or assisted in such actions, while Plaintiff's legitimate customers paid substantially more for the proper commercial subscription. Defendants knew, or should have known, the interception and/or receipt and exhibition of the Program at their Establishment was not properly authorized.

13. The Establishment charged a cover charge to enter the business to view the broadcast of the Program. The broadcast of the Program at the Establishment was not a private viewing and was not for residential, non-commercial purposes. The broadcast of the Program at the Establishment was advertised on social media. The public display of the Program at the Establishment was to entice patrons to the Establishment to spend money while viewing the Program.

14. Defendants intentionally pirated or assisted in the intentional piracy of the Program for the purpose of their own economic gain. Defendants pirated or assisted in the piracy of the Program and exhibited the Program for the commercial purpose of attracting paying customers, patrons, and guests, thereby wrongfully benefiting financially by infringing upon Plaintiff's rights.

15. Defendants did not have license, authorization, permission, or consent from Plaintiff to exhibit the Program in the Establishment.

16. In addition, by virtue of their position(s) as it relates to the Establishment, Defendants, Rickey R. Booker, Timothy Douglas Sr., and Jonathan Biley-Smith had the right and ability to supervise and an obvious and direct financial interest in the activities of the Establishment on the date of the Program and at all relevant times.

17. At the time of the wrongful conduct described herein, Defendants' agents, servants, and employees were in fact Defendants' agents, servants, and employees and acting within the scope of their employment and authority as Defendants' agents, servants, and employees.

## SATELLITE [47 U.S.C. § 605] AND CABLE [47 U.S.C. § 553] PIRACY

18. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

19. Defendants' exhibition of the Program was accomplished through the interception and/or receipt of a satellite signal or, in the alternative, through a cable signal.

20. Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate 47 U.S.C. § 605. By reason of Defendants' violation of 47 U.S.C. § 605, Plaintiff has standing and capacity to bring a private right of action.

21. Pled in the alternative, Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate 47 U.S.C. § 553, and by virtue of same, Plaintiff has standing and capacity to bring a private right of action.

22. Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate (in the alternative to the extent necessary) 47 U.S.C. §§ 605 or 553.

23. Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs, and attorney's fees pursuant to 47 U.S.C. § 605 or, alternatively, pursuant to 47 U.S.C. § 553.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant as follows:

a. for statutory damages, in the discretion of this Court, of up to the maximum amount of $10,000.00 for the violation of 47 U.S.C. § 605 or, alternatively, for the violation of 47 U.S.C. § 553,

   b.  for additional statutory damages, in the discretion of this Court, of up to the maximum amount of $100,000.00 for the willful violation of 47 U.S.C. § 605 or, alternatively, for additional statutory damages, in the discretion of this Court, of up to the maximum amount of $50,000.00 for the willful violation of 47 U.S.C. § 553,

   c.  for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to 47 U.S.C. § 553(c)(2)(C), and

   d.  for such other and further relief to which Plaintiff may be entitled.

               Respectfully submitted,

               JAMIE KING, P.C.

               */s/ Jamie King*
               Jamie King
               Attorney-in-Charge
               State Bar No. 24043755
               P.O. Box 5757
               Kingwood, Texas 77325
               (832) 584-0106 Telephone
               (888) 247-0443 Facsimile
               jamie@jamiekingpc.com

               ATTORNEY FOR PLAINTIFF,
               JOE HAND PROMOTIONS, INC.