UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,        )<br>                                                        )<br>           Plaintiff,                           )<br>                                                        )<br>VS.                                                  )<br>                                                        )     CIVIL ACTION NO.<br>PINK LOUNGE PRIVATE CLUB, INC.,  )<br>d/b/a PINK LOUNGE and                 )     3:22-CV-1016-G<br>d/b/a PINK LOUNGE PRIVATE CLUB, )<br>ET AL.,                                            )<br>                                                        )<br>           Defendants.                     )  | |

### DEFAULT JUDGMENT

Upon consideration of the motion of the plaintiff Joe Hand Promotions, Inc., for default judgment (docket entry 13), the accompanying supporting brief thereof, the evidence, the pleadings on file, and the relevant authorities, the court concludes that Plaintiff has established that it is an aggrieved party under the Federal Communications Act and recognizes Plaintiff's election to seek statutory damages under 47 U.S.C. § 605.

The court also concludes that it has jurisdiction over the subject matter and parties to this action; that the defendants Pink Lounge Private Club, Inc., d/b/a Pink Lounge and d/b/a Pink Lounge Private Club, Rickey R. Booker, and Jonathan Biley-Smith (collectively, "Defendants") failed to answer or otherwise defend as

provided by the Federal Rules of Civil Procedure following proper service; that the allegations in Plaintiff's Complaint are deemed admitted against Defendants; that Defendants exhibited the broadcast of the *Deontay Wilder v. Dominic Breazeale* boxing match, including all undercard bouts and commentary, telecast on May 18, 2019 (the "Program") without authorization from Plaintiff; and that Defendants' actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Judgment by default is hereby entered in favor of Plaintiff, JOE HAND PROMOTIONS, INC., and against Defendants, PINK LOUNGE PRIVATE CLUB, INC., d/b/a PINK LOUNGE and d/b/a PINK LOUNGE PRIVATE CLUB, RICKEY R. BOOKER, and JONATHAN BILEY-SMITH.

2. Plaintiff hereby recovers statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants, jointly and severally, in the amount of $10,000.00.

3. Plaintiff hereby recovers additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants, jointly and severally, in the amount of $50,000.00.

4. Plaintiff hereby recovers reasonable attorney's fees from Defendants, jointly and severally, in the amount of $3,075.00.

5. Plaintiff hereby recovers reasonable attorney's fees from Defendants, jointly and severally, for post-trial and appellate services in the event of the need for post-trial and appellate services, as follows:

   a. $2,500.00 for collection of the judgment in the event that Plaintiff obtains a writ of execution, writ of garnishment, writ of attachment, or other process;

   b. $5,000.00 in the event that any Defendant files a post-judgment motion or pre-appeal motion that does not result in a reversal of the judgment; and

   c. $15,000.00 in the event that any Defendant files an appeal with the Court of Appeals for the 5th Circuit that does not result in a reversal of the judgment.

6. Plaintiff hereby recovers costs from Defendants, jointly and severally, in the amount of $727.00.

7. The court also awards to Plaintiff post-judgment interest from Defendants, jointly and severally, on the amounts awarded herein at an annual rate of 2.94% from the date of this judgment until paid.

8. This judgment is a partial judgment in this case.

**SO ORDERED**.

June 22, 2022.

*A. Joe Fish*

**A. JOE FISH**
**Senior United States District Judge**